CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 06 2011

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## Roanoke Division

| | |
|---|---|
| NATHANIEL T. RIVERS, | Civil Action No. 7:10-cv-00578 |
| Petitioner, | |
| v. | MEMORANDUM OPINION |
| DIRECTOR, VIRGINIA DEPARTMENT OF CORRECTIONS, | |
| Respondent. | By: James C. Turk<br>Senior United States District Judge |

This matter comes before the Court on Petitioner Nathaniel T. Rivers' ("Rivers") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1). Respondent Director of the Virginia Department of Corrections ("Director") filed his Rule 5 answer and motion to dismiss and the matter is now ripe for disposition. For the foregoing reasons, Rivers' § 2254 petition will be DISMISSED.

## I. Background and Procedural History

On November 13, 2007, Rivers, a self-professed member of a Bloods gang, and his friend Gregory Jackson travelled from Harrisonburg, Virginia to Staunton, Virginia and parked across the street from a 7-Eleven convenience store. Rivers and Jackson put on bandanas with colors to identify their gang affiliation and entered the store. Jackson entered the store first and demanded money from the clerk. When the clerk had difficulty with the cash drawer, Jackson pointed a gun at the clerk's head. The gun was actually a plastic BB gun, but looked like a real handgun. The clerk handed over the money from the cash drawer and Rivers and Jackson exited the store.

On April 23, 2008, Rivers pled guilty to two crimes in the Circuit Court for the City of Staunton: robbery and participating in a robbery at the direction of, in association with, or to

benefit a criminal street gang. Rivers testified at his guilty plea colloquy under oath. In response to the judge's questions, Rivers agreed that he had discussed the charges and their elements with his counsel, fully understood them, and knew what the Commonwealth was required to prove to convict him. Rivers stated that he had had enough time to consult with his counsel. Rivers further stated that he had discussed his plea options with his counsel and that he had freely and voluntarily decided himself to plead guilty because he was in fact guilty as charged. Additionally, Rivers testified that he had read and understood the plea agreement and agreed that the facts alleged therein were true. Rivers understood that after he pled guilty, a presentence report would be prepared, and that there was no guarantee as to what sentence the court might impose. The court found that Rivers plea was voluntary and that Rivers understood the nature of the charges and their consequences.

Rivers' sentencing hearing occurred on March 19, 2009 in Staunton Circuit Court. The Commonwealth and defense jointly recommended a consecutive sentence of ten years for the gang participation charge with five years suspended, and fifty years for the robbery charge with forty years suspended, for a total sentence of sixty years, with forty-five years suspended. The recommended sentence was to run concurrently with a twenty-two year sentence that the Augusta County Circuit Court had imposed for other charges. At the sentencing hearing, Rivers' counsel presented no evidence, but summarized Rivers' troubled upbringing in mitigation of punishment. The court "somewhat reluctantly" followed the joint recommendation and sentenced Rivers to an active term of fifteen years. *Trial Tr.*, ECF No. 10, Ex. A, at 22–23.

Rivers did not directly appeal his sentence. Rivers petitioned the Staunton Circuit Court for a writ of habeas corpus on January 22, 2010 alleging ineffective assistance of counsel and a substantive claim regarding the calculation of the sentencing guidelines. On May 27, 2010, the

court denied and dismissed the petition. Rivers then appealed the dismissal to the Supreme Court of Virginia. The court refused the appeal on November 23, 2010. Rivers timely filed his § 2254 petition in this Court on December 29, 2010 alleging the same ineffective assistance of counsel claims he raised in his state habeas petition.

II. **Standard of Review**

Federal courts will entertain a defendant's writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). However, when reviewing the writ, federal courts are required "to accord state-court factual findings a presumption of correctness." *Hernandez v. New York*, 500 U.S. 352, 366 (1991). This presumption "appl[ies] with equal force to [a federal court's] review of a state trial court's findings of fact made in connection with a federal constitutional claim," except for exceptional circumstances. *Id.*

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may not grant habeas relief for any claim "that was adjudicated on the merits in State court proceedings," unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," or "resulted in a decision that was based on unreasonable determination of the facts." 28 U.S.C. § 2254(d)(1)–(2). The Fourth Circuit accords the "contrary to" and "unreasonable application" clauses independent meaning. *See Powell v. Kelly*, 562 F.3d 656, 664 (4th Cir. 2009). A state court decision is "contrary to" clearly established federal law if the state court's decision (1) contravenes United States Supreme Court precedent as a matter of law or (2) contravenes United States Supreme Court precedent with materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). If the state court (1) unreasonably applies the correct legal rule to the

3

facts, (2) extends a federal legal principle in cases where it should not be applied, or (3) refuses to extend a federal legal principle to cases where it should be applied, then a state court decision is an "unreasonable application" of clearly established federal law. *Id.* at 407.

### III. Analysis

#### a. Exhaustion

A federal court may not grant habeas relief for unexhausted state claims not presented to the highest state court. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To meet the exhaustion requirement, a petitioner must have presented "both the operative facts and the controlling legal principles" to the reviewing state court. *Kasi v. Angelone*, 300 F.3d 487, 501–02 (4th Cir. 2002). Section 2254 review "focuses on what a state court knew and did." *Cullen v. Pinholster*, No. 09-1088, 2011 WL 2119158, slip op. at 10 (U.S. May 31, 2011). Additional facts not presented to the state court may not be considered in a § 2254 review. *Id.*; *see also Keeney v. Tamayo-Reyes*, 504 U.S. 1, 8–12 (1992).

Rivers raises four ineffective assistance of counsel claims in his § 2254 petition. First, Rivers asserts that his attorney was ineffective for not having him psychiatrically examined to determine the availability of an insanity defense. Second, Rivers asserts that his attorney was ineffective for not having him psychiatrically examined to determine Rivers' competency to stand trial. Third, Rivers asserts that his attorney was ineffective for advising him that a guilty plea would limit his sentence to no more than five years, thereby inducing Rivers' involuntary guilty plea. Lastly, Rivers asserts that his attorney was ineffective for not presenting evidence in mitigation of punishment to the sentencing judge. Rivers raised each of these four claims in his state habeas petition and subsequent appeal to the Supreme Court of Virginia. Accordingly,

4

these claims are properly before this Court on § 2254 review. However, the Court will not consider any new facts that Rivers presents in this petition but did not present to the state court.

### b. Ineffective Assistance of Counsel

In order to challenge a sentence successfully on the basis of ineffective assistance of counsel, Rivers must satisfy the test set forth by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). In *Strickland*, the Court held that a finding of ineffective assistance of counsel requires a two-prong showing, and a habeas petitioner bears the burden of persuasion for both prongs. *Id.* at 687.

First, Rivers must show that the attorney's performance "fell below an objective standard of reasonableness," where reasonableness is determined under the "prevailing professional norms." *Id.* at 688. In assessing an attorney's performance, a court must be highly deferential to tactical decisions, and the court must filter from its analysis the "distorting effects of hindsight." *Id.* at 689. Moreover, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Second, Rivers must show that prejudice resulted from counsel's deficient performance. *Id.* at 692. To establish prejudice, a petitioner must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine the confidence of the outcome." *Id.* at 694. Failure to satisfy either prong is fatal to a petitioner's ineffective assistance of counsel claim.

### i. Mental Health Claims

Rivers' first two claims relate to his counsel's failure to investigate Rivers' mental health issues adequately. Rivers claims that if counsel had investigated, he might have been either (1)

5

entitled to an insanity defense, or (2) deemed incompetent to plead guilty. The state court found these claims to be "without merit" and bereft of factual support. *Final Order of Cir. Court for the City of Staunton*, ECF. No. 10, Ex. A., at 3–4. The state court found that even if Rivers had manifested some apparent mental health issues, the burden for establishing either an insanity defense or incompetence is high. The state court credited the testimony of Rivers' counsel that she had no reason to believe that Rivers mental health problems prevented him from either understanding the nature of the charges against him, assisting in his own defense, or the ramifications and wrongfulness of his actions in robbing the convenience store. Further, the state court deferred to the trial judge's determination that Rivers understood what he was doing by pleading guilty.

A review of the state court's final order, transcript of the guilty plea colloquy, and transcript of the sentencing hearing indicates that the state court reasonably determined the facts and did not unreasonably apply federal law in denying Rivers' habeas corpus petition. During the plea colloquy, Rivers exhibited no behavior that would have led either his counsel or the court to believe that he did not understand his situation. Rivers was lucid and cooperative, and fully answered all of the court's questions concerning who he was and what rights he surrendered upon pleading guilty. Rivers also told the court that he had reviewed the plea agreement with his attorney, he understood what it meant, and that he wanted to plead guilty because he was in fact guilty. In addition to these objective markers of competency and sanity, Rivers provided neither the state court nor this Court with any facts supporting his contention of serious illness that would entitle him to avoid culpability for his crimes.[1] Thus, Rivers has not

---

[1] Rivers attached information from the Food and Drug Administration concerning medications that he took before the robbery and is currently taking. However, the state court did not have this information when it considered his state habeas corpus petition. The drug information was

6

demonstrated that his counsel's failure to investigate his mental condition to establish insanity or incompetency was objectively unreasonable or prejudicial. Because Rivers cannot show that his counsel was constitutionally deficient under *Strickland*, the state court reasonably denied his state habeas corpus petition and Rivers is not in custody in violation of the United States Constitution. The Court must therefore dismiss Rivers' § 2254 petition.

### ii. Involuntary Guilty Plea

Rivers alleges that his guilty plea was involuntary because he would not have pled guilty if his counsel had not assured him that his sentence would be less than five years. The state court held this claim to be meritless, finding that Rivers alleged no facts demonstrating that his guilty plea was involuntary. The state court relied on Rivers' answers during the guilty plea colloquy in determining that he pled guilty voluntarily and without being coerced or threatened.

Upon review, this Court finds no reason to upset the state court's determination that Rivers' counsel was adequate and that Rivers voluntarily pled guilty. At the guilty plea colloquy, Rivers told the state court that he had discussed his plea options with his counsel, and that he freely and voluntarily pled guilty because he was in fact guilty. Further, even if Rivers' counsel had told him that five years would be the maximum sentence imposed, the judge specifically stated to Rivers "You understand that there is no guarantee on what you will receive at the sentencing hearing?" *Plea Colloquy Tr.*, ECF No. 10, Ex. A, at 7. Rivers responded "Yes sir." *Id.* It is clear that Rivers fully understood what he was doing by pleading guilty and that the court had the discretion to sentence him to longer than he anticipated. Rivers also told the court, under oath and penalty of perjury, that he was voluntarily pleading guilty because he

---

available and discoverable to Rivers before he filed his state habeas corpus petition. Therefore, this Court may not consider this information for the first time on § 2254 review. *Pinholster*, at 10; *Keeney*, 504 U.S. at 8–12.

7

committed the robbery and did so because he was involved in a gang. On these facts, there is nothing to support a finding that Rivers' counsel was either deficient or that counsel's conduct prejudiced Rivers in any way. Accordingly, this claim must be dismissed.

### iii. Evidence in Mitigation of Punishment

Lastly, Rivers alleges that his counsel was ineffective for not introducing evidence of Rivers' mental health problems in mitigation of punishment. Rivers argues that if his counsel had done so, the court would have provided him with proper mental health services and may have imposed a lighter sentence. The state court found that his counsel's performance was neither deficient nor prejudicial and therefore not constitutionally ineffective.

Upon reviewing the record, this Court finds no constitutional error in the state court's determination. The state court properly determined that counsel was appropriate in not submitting evidence in mitigation of punishment in the Staunton Circuit Court. Shortly before the Staunton court sentenced Rivers, the Augusta County Circuit Court sentenced Rivers to twenty-two years. During the Augusta sentencing, counsel did present evidence, namely testimony from several of Rivers' relatives about his difficult upbringing. At the subsequent Staunton sentencing, counsel and the Commonwealth's attorney presented a joint recommendation which called for a fifteen year active sentence to run *concurrently* with the twenty-two year Augusta sentence. There was no need for counsel to present additional evidence in mitigation of punishment at the Staunton proceeding because Rivers received no additional time against which evidence could mitigate. Further, even though counsel did not present witness testimony concerning Rivers' troubled past, counsel did discuss Rivers' past with the court before the judge announced his sentence.

Counsel's decision not to present additional evidence was objectively reasonable and not deficient. Furthermore, because of the joint sentence recommendation that the court accepted, counsel's actions could not have prejudiced Rivers in any way. Rivers' counsel was constitutionally adequate and this claim must be dismissed.

### IV. Conclusion

The state court properly found Rivers' four ineffective assistance of counsel claims to be unmeritorious. Because the state court's findings did not run afoul of the Constitution, the Court must dismiss all of Rivers' § 2254 claims.

An appropriate order shall issue this day.

ENTER: This 6th day of July, 2011.

/s/ James C. Turk
Senior United States District Judge